Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **DEBORAH QUALLEY,** on behalf of herself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>        v.<br><br>**ACOSTA, INC.,** a Delaware Corporation, and **ACOSTA SALES, LLC**, a Delaware Limited Liability Company,<br><br>Defendants. | **CASE NO**.:  6:18-cv-00723<br><br>**COLLECTIVE and CLASS ACTION ALLEGATION COMPLAINT**; **OREGON WAGE AND HOUR LAWS**<br>Fair Labor Standards Act 29 U.S.C. § 201 *et seq*.; Oregon Wage and Hour Laws (ORS Chapter 652)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DEBORAH QUALLEY, on behalf of herself and on behalf of all others similarly situated employees of Defendant, brings this Fair Labor Standards Act ("FLSA") collective action and Fed R. Civ. P. Rule 23 class action Complaint for violations of the FLSA and Oregon's Wage and Hour laws against Defendants, ACOSTA, INC. and ACOSTA SALES, LLC, (collectively, "Defendants"). Plaintiff makes her allegations based upon personal knowledge, information, and belief.

///

///

**INTRODUCTION**

This is a collective and class action suit to recover unpaid overtime brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and penalty wages under Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

1.      This action seeks compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages for Defendants' willful failure to pay wages when due, including the correct amount of overtime wages, and other relief pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws for Plaintiff and for all others similarly situated in the course of their employment with Defendants.

2.      Plaintiff, by counsel, brings this action for damages and other legal and equitable relief for Defendants' violations of the laws of Oregon and of the United States requiring payment of overtime compensation.

3.      Defendants overtime pay policies and practices violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

4.      Plaintiff brings this action for violation of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class of similarly situated employees:

> All current and former employees of Defendants who were employed as Retail Coverage Merchandisers and Retail Service Merchandisers ("Retail Merchandisers") within the three years preceding the filing of this Complaint who worked more than 40 hours and were not paid time and one-half their regular rate of pay for all hours worked over 40 hours in any workweek as shown by the electronic Call Report records that Retail Merchandisers were required to submit when performing compensable work for Defendants (the "FLSA Class").

5.      Plaintiff and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

## PARTIES

6.      Plaintiff is an individual who can be contacted through counsel.

7.      Defendant Acosta, Inc. is a Delaware Corporation headquartered in Jacksonville, Florida.

8.      Defendant Acosta Sales, LLC is a Delaware Limited Liability Company headquartered in Jacksonville, Florida.

9.      Defendants Acosta Inc. and Acosta Sales, LLC are joint employers under 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2.

10.     According to its website, Defendant Acosta, Inc. has over 30,000 employees worldwide. Defendants employ Retail Merchandisers throughout the United States.

11.     Defendants' Retail Merchandiser employees are non-exempt.

12.     Plaintiff Deborah Qualley is a resident of Lane County, Oregon who was employed as a Retail Merchandiser by Defendants in Oregon from on or about May 2009 to February 2018.

## JURISDICTION AND VENUE

13.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

14.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## FACTUAL ALLEGATIONS

15.     Defendants employed Plaintiff as a Retail Merchandiser in Lane County, Oregon between May 2009 and February 2018.

16.    Defendants' Retail Merchandisers perform a variety of tasks related to the management of in-store displays in retail stores on behalf of Defendants' clients. Merchandiser duties include, but are not limited to, building or reconfiguring product displays, maintaining product displays, taking product inventory, and re-stocking displays.

17.    Defendants' Retail Merchandisers receive daily work assignments, track work activities, and report work progress through emails and an electronic call reporting system used to generate an electronic record known as a "Call Report" using a wireless tablet device provided by Defendants.

18.    Defendants' Retail Merchandisers begin their workday at home by downloading work emails and new Call Reports before traveling to the first retail location to complete specific tasks and assignments.

19.    Call Reports contain specific tasks and assignments to be completed by Retail Merchandisers. The Call Report application contains a time-tracking feature that starts when the electronic record is opened and the "start" button is pushed and stops when all of the tasks on the Call Report have been completed or when the Retail Merchandiser ends the Call Report by pressing the "complete" button. In this way, each Call Report contains an accurate record of the actual number hours worked by the Retail Merchandiser on a specific Call Report.

20.    Retail Merchandisers are paid a set hourly rate of pay of for each hour worked.

21.    Retail Merchandisers self-report hours worked on a timesheet submitted daily and weekly in Defendants' Atlas electronic timekeeping platform. Defendants prohibit Retail Merchandisers from submitting Atlas timesheets showing more than 40 hours worked in a workweek without prior authorization, even when the Retail Merchandisers have worked over 40 hours as shown on the timekeeping record contained in the electronic Call Reports. Retail Merchandisers who

report more than 40 hours worked in Atlas without prior authorization are subject to discipline by Defendants.

22.    Retail Merchandisers complete Call Reports any time they are completing a work assignment.  Defendants' employees review the Call Reports for accuracy and completeness.

23.    Retail Merchandiser job performance is evaluated based on timeliness, accuracy, and completeness of Call Reports.

24.    Call Reports are an integral component of Defendants' business operations.

25.    Defendants share data generated by Call Reports with their clients to demonstrate performance.

26.    Defendants compensate Retail Merchandisers based on the number of hours shown on the Atlas time record submitted by the Retail Merchandisers not based on the actual number of hours worked by the Retail Merchandiser.

27.    Defendants disregard the number of hours worked as reflected on Call Reports when computing Retail Merchandiser pay.

28.    Defendants' employee handbook requires that Retail Merchandisers must use "good faith efforts" to avoid overtime, and further requires Retail Merchandisers to seek pre-approval 48 hours in advance of working any hours additional to those scheduled.  Retail Merchandisers who report working over 40 hours in a workweek on their Atlas time record without prior authorization are subject to discipline. As a result, Plaintiff and other Retail Merchandisers are deterred from reporting actual hours worked on their Atlas time records in weeks during which they worked more than 40 hours because of fears about discipline and job loss.

29.     Although Plaintiff routinely worked more than 40 hours in a workweek as shown on the electronic Call Report records, on one occasion Plaintiff reported overtime hours on her Atlas

time record that she had worked but which had not been pre-approved, and she was verbally reprimanded by her supervisor and counseled on Defendants' policies.

30.     Plaintiff alleges that in weeks in which the time recording function of the electronic Call Reports show a Retail Merchandiser working more than 40 hours in a workweek, the Retail Merchandiser accrued and was owed overtime compensation even if the employee submitted an Atlas time record with no overtime hours reported.

31.     Defendants' time recording policies and practices result in the denial of overtime pay at one and one-half times the Retail Merchandiser's regular rate of pay.

32.     During her employment, Defendants did not pay Plaintiff and other Retail Merchandisers the correct amount of overtime earned because Defendants ignored the actual hours worked as shown by the time keeping record of the electronic Call Report record maintained by Defendants.

33.     Plaintiff alleges she was underpaid each time she worked more than 40 hours in a workweek and was not paid any additional compensation at one and one-half times her regular rate of pay.

34.     For example, during the week of January 24 to 30, 2016 according to Plaintiff's Call Reports she spent 43 hours and 6 minutes working on assigned tasks for Defendants, however she was only paid for 40 hours that week, with no additional compensation paid for the overtime hours worked.

35.     Accordingly, Defendants owe Plaintiff unpaid overtime, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

36.     Plaintiff brings her claims individually, and on behalf of all other similarly situated Retail Merchandisers who worked over 40 hours in a workweek for Defendants at any time within three

years of the filing of this action, and who were not paid time and one-half their correct regular rate of pay for all hours worked over 40 in a workweek.

37.    At all times material to this Complaint, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and all others similarly situated.

38.    Defendants are subject to the FLSA, 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

39.    At all material times, Defendants have been joint employers within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. § 791.2. Defendants directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff.

40.    At all material times, Defendants have been enterprises within the meaning of 29 U.S.C. § 203(r).

41.    At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because they had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of Defendants was in excess of $500,000 per annum at all times material hereto.  Alternatively, Plaintiff and the similarly situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

42.    At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

43.    Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent her individually, and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29

U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations - 29 U.S.C § 207; Collective Action)

44.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 43 above.

45.     At all material times, Plaintiff performed duties for the benefit of, and on behalf of Defendants, under employment terms and conditions set by Defendants.

46.     At all material times, Defendants were required to pay Plaintiff and the FLSA Class members in accordance with the overtime provisions of the FLSA.

47.     At all material times, Defendants failed to pay overtime to Plaintiff and the FLSA class even when the time keeping record of the electronic Call Report record showed more than 40 hours worked by a Retail Merchandiser on assigned tasks during a workweek.

48.     At all material times, Defendants failed to pay Plaintiff and other similarly situated Retail Merchandisers the correct amount of overtime pay because Defendants failed to compute overtime pay based the actual hours worked.

49.     Plaintiff brings this collective class action under § 216(b) of the FLSA and against Defendants for unpaid overtime compensation, and related penalties and damages on behalf of herself and FLSA Class.

50.     Plaintiff brings this FLSA claim for unpaid overtime and liquidated damages as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).  The FLSA claims may be pursued by those FLSA Class members who opt-in to this case pursuant to 29 U.S.C. § 216(b).

51.     Plaintiff individually, and on behalf of FLSA Class members, seeks relief on a collective basis alleging the FLSA was violated when she and other Retail Merchandisers were not paid the

correct amount of overtime pay due to them under the FLSA.  Plaintiff and FLSA Class members are similarly situated because the underpayment of overtime was caused by an unlawful pay practice that was common to Defendants' hourly non-exempt Retail Merchandisers.

52.    The number and identity of the other members of the putative FLSA Class may be readily determined from the records of Defendants, and potential opt-in FLSA Class members may be easily and quickly notified of the pendency of this action.

53.    Defendants have not paid Plaintiff and FLSA Class members the correct amount of overtime pay for weeks in which they worked in excess of 40 hours in violation of 29 U.S.C. § 207.

54.    Plaintiff and similarly situated FLSA Class members have not been paid all of the overtime wages owed to them by Defendants.

55.    Records of all hours worked including the time keeping record of the electronic Call Reports and all compensation paid to Plaintiff and similarly situated FLSA Class members are in the possession and control of Defendants.

56.    At all material times hereto, Defendants failed to comply with 29 U.S.C. §§ 201-209 in that Plaintiff and others performed services and provided labor for Defendants for which Defendants failed to pay the correct amount of overtime based on an accurate record of actual hours worked as required by the FLSA.

57.    Plaintiff brings this action on her own behalf, and on behalf of all similarly situated individuals seeking unpaid overtime compensation, liquidated damages, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

58.     Defendants violated §207 of the FLSA when they willfully failed to pay overtime to Plaintiff and FLSA Class members at one and one-half times their regular rate of pay for all hours worked over 40 in a workweek during the applicable statutory period.

59.     Defendants' failure to pay Plaintiff and FLSA Class members all overtime earned at one and one-half times their regular rate of pay resulted from Defendants' willful act of knowingly adopting a compensation policy that failed to pay Retail Merchandisers for all hours worked when computing an employee's weekly overtime. Defendants' policy thus violated the FLSA and resulted in the underpayment of overtime pay to Plaintiff and each FLSA Class Member. Plaintiff and the FLSA Class members are entitled to liquidated damages for Defendants' willful failure to pay the correct amount of overtime.

60.     As joint employers, Defendants are jointly and severally liable to Plaintiff and the FLSA Class for the FLSA violations alleged herein.

61.     By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Class members have suffered damages and have also incurred costs and reasonable attorneys' fees.

### SECOND CLAIM FOR RELIEF/CLASS ACTION ALLEGATIONS
#### (Failure to Pay Wages When Due – Violation of Oregon Wage and Hour Laws)

62.     On behalf of herself and other similarly situated Retail Merchandisers who were employed by Defendants in Oregon, Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 43 above.

63.     As alleged herein, Defendants willfully failed to pay Plaintiff and similarly situated current and former Retail Merchandiser employees all wages when due, whether during employment or upon termination thereby violating ORS 652.120 and/or ORS 652.140 and giving

rise to a penalty under ORS 652.150 for all Retail Merchandisers who were employed by Defendants in Oregon.

64.    Plaintiff and similarly situated current and former employees are owed wages that were earned but not paid when due, whether during employment or upon termination.

65.    The wages earned but not paid include, but are not limited to, the underpayment of overtime resulting from Defendants' failure to pay for all hours worked when computing the overtime wages earned by Plaintiff and those similarly situated employees.

66.    Records of hours worked and wages and other compensation paid to Plaintiff and others are in possession and control of Defendants.

67.    Defendants' records show that Defendants failed to pay all wages earned when due to Plaintiff and similarly situated current and former employees.

68.    Plaintiff brings a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of herself and the following class of persons:

> All current and former hourly non-exempt Retail Merchandisers employed by Defendants in Oregon within the three years preceding the filing of this Complaint who were not paid all overtime compensation owed when due (the "Oregon Wage Class").

69.    As a result of Defendants' willful failure to pay Plaintiff and the Oregon Wage Class all wages when due, Defendants are liable to Plaintiff and each member of Oregon Wage Class for a penalty to be computed in accordance with ORS 652.150.

70.    By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff and the similarly situated current and former employees have suffered damages and have also incurred costs and reasonable attorneys' fees.

71.    All members of the Oregon Wage Class who do not opt out may pursue the Oregon state law claim if that claim is certified for class-wide treatment.

72.    Plaintiff's state law claim satisfies the Fed. R. Civ. P. 23(a) class action prerequisites of numerosity of members, commonality of questions of law and fact, typicality of class claims, and fair and adequate representation of class member interests.

73.    **Numerosity** (Fed. R. Civ. P 23(a)(1)): The Oregon Wage Class satisfies the numerosity standards.  The Oregon Wage Class is believed to be in excess of 50 people.  As a result, joinder of all Oregon Wage Class members in a single action is impracticable.  The precise number of Oregon Wage Class members and their identities and contact information are unknown to Plaintiff but can be easily ascertained from Defendants' payroll records.  Oregon Wage Class members may be notified of the pendency of the action by first-class mail.

74.    **Commonality** (Fed. R. Civ. P 23(a)(2)): Questions of law and fact common to the Oregon Wage Class predominate over any questions affecting only individual members.  All Oregon Wage Class members were subject to the same payroll practices that resulted in the failure to pay wages when due. All Oregon Wage Class members received paychecks, but did not receive all overtime compensation earned when due. Thus, all Oregon Wage Class Members have been paid incorrectly in the same manner, and all Oregon Wage Class members are owed additional compensation.

75.    Common questions of fact include but are not limited to: (a) whether Defendants' policy and practice of failing to take into account the actual number of hours worked when computing overtime compensation resulted in underpayment of wages and compensation; and (b) whether Defendants acted willfully in failing to pay the correct amount of overtime compensation when due.

76.     Common questions of law exist regarding: (a) whether Defendants paid overtime wages when due in accordance with Oregon Wage and Hour Law, ORS Chapters 652; (b) whether such actions were willful and (c) whether former employees are owed penalties under ORS 652.

77.     The common issues predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the Oregon state law claims.

78.     **Typicality** (Fed. R. Civ. P. 23(a)(3)):  Plaintiff's claim is typical of Oregon Wage Class members' claims because:

   a.  Defendants employed Plaintiff in the same or similar positions as the Oregon Wage Class members;

   b.  Plaintiff and the Oregon Wage Class members were subject to the same payroll policies and were affected in the same manner by those policies;

   c.  Plaintiff, together with all of the Oregon Wage Class members, did not receive all wages when due;

   d.  Plaintiff, together with all of the Oregon Wage Class members, is owed a penalty computed according to ORS 652.150;

   e.  Plaintiff's claim is based on the same legal and remedial theories as those of the Oregon Wage Class and have similar factual circumstances; and

   f.  Plaintiff has suffered the same or similar injury, as did members of the Oregon Wage Class.

79.     **Adequacy of Plaintiff's Representation** (Fed. R. Civ. P. 23(a)(4)): Plaintiff will fairly and adequately represent and protect the interests of the Oregon Wage Class because:

   a.  There is no conflict between Plaintiff's claim and the claims of the Oregon Wage Class.

   b.  Plaintiff has retained counsel who are skilled and experienced, who specialize in wage and hour cases, and who will vigorously prosecute the litigation;

      c.  Plaintiff's claim is typical of the claims of the Oregon Wage Class members; and

      d.  Plaintiff and her counsel will fairly and adequately protect the interests of the Oregon Wage Class members.

80.   A class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

      a.  There is minimal interest of members of the Oregon Wage Class in individually controlling their prosecution of claims under Oregon Wage and Hour Laws;

      b.  It is desirable to concentrate the litigation of these claims in this forum; and

      c.  There are no unusual difficulties likely to be encountered in the management of this case as a class action.

81.   The presentation of separate actions by individual Oregon Wage Class members creates the risk of inconsistent and varying adjudications, and may establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of Oregon Wage Class members to protect their interests.

82.   In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of wrongful violations of Oregon Wage and Hour Laws.

83.   As joint employers, Defendants are jointly and severally liable to Plaintiff and the Oregon Wage Class for the ORS 652.150 penalty for violations of ORS 652.140.

//

//

//

//

//

14 - Collective and Class Action Complaint

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Class, and the Oregon Wage Class, respectfully asks the Court to grant the following relief:

1. On the First Claim for Relief, award Plaintiff and the FLSA Class members their actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. §207.

2. On the Second Claim for Relief, award Plaintiff and the Oregon Wage Class their penalty wages calculated according to ORS 652.150, in an amount to be determined at trial.

3. Award Plaintiff and other similarly situated individuals their reasonable attorney fees and costs;

4. Award Plaintiff and other similarly situated individuals their pre-judgment and post-judgment interest; and

5. Award Plaintiff and other similarly situated individuals any and all such other legal and equitable relief as this Court deems just and proper.

//

//

//

//

//

//

//

DATED April 24, 2018.

Respectfully submitted,

___/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.: 114289
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Of Attorneys for Plaintiffs

___/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 98074
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Of Attorneys for Plaintiffs